IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KEVIN DARNELL KIMBLE**

V.                          **4:05-CR-00253-WRW**
                               **4:08-CV-00365-WRW**

**UNITED STATES OF AMERICA**

### ORDER

Pending is Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. No. 61).

**I.    BACKGROUND**

On December 8, 2006, Petitioner pled guilty to Count 1 of the Indictment -- felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1).[1] On April 5, 2007, Petitioner was sentenced to 63 months in prison, and the Judgment was entered the same day.[2] Petitioner did not file an appeal with the Eighth Circuit Court of Appeals.

**II.    DISCUSSION**

    **A.    Statute of Limitations**

There is a one-year statute of limitations for actions brought under 28 U.S.C. § 2255.[3] Since Petitioner did not file an appeal with the Eighth Circuit Court of Appeals, his one-year period to file a § 2255 motion began on April 15, 2007[4] and expired on April 15, 2008.

---

[1] Doc. No. 47.

[2] Doc. No. 59.

[3] 28 U.S.C. § 2255, ¶6.

[4] Unappealed federal criminal judgments become final when the time for filing a direct appeal expires. See *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). The time for filing a notice of appeal in a criminal case is 10 days after the entry of the judgment. See FED. R. CRIM. P. 4(b)(A).

Petitioner's motion is dated April 21, 2008.  Petitioner has provided no reasons that would warrant equitable tolling of the statute of limitations.[5]  Accordingly, his motion must be DENIED based on the statute of limitations.

### B. Ineffective Assistance

Even if Petitioner's motion was timely filed, it would be denied.  Petitioner's first claim is for ineffective assistance of counsel, based on "counsel's failure to challenge the prior convictions . . . [which] were used to increase his criminal history score."[6]  However, the record reflects that Petitioner's lawyer filed objections to paragraphs 23-26 of the presentence report -- all of which related to Petitioner's previous convictions.  The Court heard argument and overruled the objections during the sentencing hearing.[7]  Accordingly, Petitioner's claims are without merit.

### C. Amendment 709

Defendant asserts that his sentence should be adjusted based on Amendment 709 to the United States Sentencing Guidelines.  Although included in his § 2255 motion, this issue is more appropriately presented under 18 U.S.C. § 3582(c)(2).  However, the result is the same.

On November 1, 2007, the United States Sentencing Commission adopted Amendment 709, which amended § 4A1.2 -- the guideline addressing how misdemeanor and petty offenses are calculated when determining a defendant's criminal history score.  Since Defendant was sentenced before November 1, 2007, Amendment 709 must be retroactive to apply in this case. Guideline § 1B1.10, titled Reduction in Term of Imprisonment as a Result of Amended

---

[5] See *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005).

[6] Doc. No. 61.

[7] Doc. No. 58.

Guideline Range (Policy Statement), lists all Guideline Amendments that are retroactive.[8]  Since Amendment 709 is not listed in § 1B1.10(c), it is not retroactive and, therefore, not applicable in this case.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. No. 61) is DENIED.

IT IS SO ORDERED this 28th day of April, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[8]U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(c) (Supp. 2007) reads: "Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711." See also, *U.S. v. Cofield*, No. 07-4502, 2007 WL 4532938 (4th Cir. Dec. 25, 2007) (holding that Amendment 709 is not retroactive).