**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**KEVIN DARNELL KIMBLE**

**V.**                                    **4:05-CR-00253-WRW
                                          4:08-CV-00365-WRW**

**UNITED STATES OF AMERICA**

**ORDER**

Pending is Petitioner's Motion for Reconsideration (Doc. No. 63).

On April 28, 2008, Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 was denied based on the statute of limitations;[1] the habeas petition was filed six days after the statute of limitations deadline. In his Motion for Reconsideration, Petitioner asserts that his habeas petition would have been timely filed if the copy machines in the prison law library had not been out of order. Because the copy machines were not working, Petitioner was unable to make the appropriate number of copies to comply with the Clerk of the Court's requirements for filing. Attached to Petitioner's motion is a letter from the prison's Unit Secretary that supports Petitioner's position that the copy machines in the law library were broken down.

Essentially, Petitioner seeks equitable tolling of the statute of limitations for his § 2255 habeas petition. However, since Petitioner's habeas claims are without merit, I need not determine whether equitable tolling is applicable in this case. The April 28, 2008 Order, which addressed the merits of each of Petitioner's claims, reads:

> **B.    Ineffective Assistance**
> Even if Petitioner's motion was timely filed, it would be denied. Petitioner's first claim is for ineffective assistance of counsel, based on "counsel's failure to challenge the prior convictions . . . [which] were used to increase his criminal history score." However, the record reflects that Petitioner's lawyer filed objections to paragraphs

---

[1]Doc. No. 62.

1

23-26 of the presentence report -- all of which related to Petitioner's previous convictions. The Court heard argument and overruled the objections during the sentencing hearing. Accordingly, Petitioner's claims are without merit.

**C.    Amendment 709**

Defendant asserts that his sentence should be adjusted based on Amendment 709 to the United States Sentencing Guidelines. Although included in his § 2255 motion, this issue is more appropriately presented under 18 U.S.C. § 3582(c)(2). However, the result is the same.

On November 1, 2007, the United States Sentencing Commission adopted Amendment 709, which amended § 4A1.2 -- the guideline addressing how misdemeanor and petty offenses are calculated when determining a defendant's criminal history score. Since Defendant was sentenced before November 1, 2007, Amendment 709 must be retroactive to apply in this case. Guideline § 1B1.10, titled Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement), lists all Guideline Amendments that are retroactive. Since Amendment 709 is not listed in § 1B1.10(c), it is not retroactive and, therefore, not applicable in this case.[2]

## CONCLUSION

Again, even if equitable tolling applied to this situation, Petitioner's § 2255 habeas claims are without merit. Accordingly, Petitioner's Motion for Reconsideration (Doc. No. 63) is DENIED.

IT IS SO ORDERED this 21st day of July, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[2] Doc. No. 62 (citations omitted) (emphasis in original).